UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSIA BOUNDAOUI, | |
| Plaintiff, | No. 21 cv 00427 |
| v. | Judge Thomas M. Durkin |
| CONSTELLATION BRANDS, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This action arises out of incidents that took place in Park City, Utah. Plaintiff Assia Boundaoui filed a two-count complaint alleging a federal civil rights claim and a supplemental state law battery claim against Defendant Constellation Brands. Constellation filed a motion to dismiss for failure to state a claim. For the reasons set forth below, the Court on its own motion pursuant to 28 U.S.C. § 1404(a), and without expressing any opinion as to Constellation's motion to dismiss, now transfers this case to the United States District Court for the District of Utah for further proceedings.

**Background**

On January 27, 2020, Boundaoui, an independent filmmaker, was attending the Sundance Film Festival and took part in an event at High West Distillery in Park City. High West Distillery is owned by Constellation Brands. Boundaoui alleges that after the event, Jared Downs, a security guard working at High West, told her and her colleagues to leave the property and then shoved her. Boundaoui and her

colleagues later reported the incident to Park City police and filed a criminal complaint, but Downs was not charged. Boundaoui alleges that Park City police conspired with Constellation to have her criminal complaint "buried" and to deny her equal protection under the law based on, among other things, her race and ethnicity (Boundaoui is of North African and Arab descent). Boundaoui asserts a civil rights claim under 42 U.S.C. § 1985(3) and a supplemental common law battery claim.

Jurisdiction in this court is based on 28 U.S.C. §§ 1331 and 1367. Venue is based on 28 U.S.C. § 1391(b)(1), as Constellation is a resident in this judicial district.

## Discussion

Section 1404(a) governs the transfer of an action from one district court to another and reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court may transfer a case under Section 1404(a) on its own motion. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020).

A court considering transfer "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 62 (2013). Relevant private interest factors include the plaintiff's choice of forum, the convenience of the parties and witnesses, and the relative ease of access to evidence. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The interest of justice analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants. *Id.* at 961 (quoting *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill.

1989). Considerations include "the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 962.

I. **Plaintiff's choice of forum**

The plaintiff's choice of forum is ordinarily entitled to substantial weight, particularly when it is the plaintiff's home forum. *Id.* "A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007) (citing *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)).

Although this district represents Boundaoui's home forum, it has no meaningful connection to the events underlying this dispute. This factor therefore has diminished significance.

II. **Convenience of the parties and witnesses**

Collectively, the relevant private interest factors strongly support the transfer of this case to the District of Utah. The controversy at issue arose in Park City, Utah, and all the relevant conduct appears to have occurred there, including the original altercation and the alleged conspiracy involving the Park City police. Boundaoui's complaint does not identify any relevant conduct that took place in this district.

Nearly all the relevant witnesses are likely residents of Utah, including the security guard Downs, other staff and management at High West Distillery, and

3

officials with the Park City Police Department. Similarly, most of the material evidence is likely located there.

Boundaoui is a well-traveled, sophisticated individual, while Constellation is an international corporation with holdings around the world. Neither is likely to experience significant hardship litigating this case in Utah.

### III. Interests of justice

Transfer of this case to the District of Utah will promote the interest of justice and is supported by the relevant public interest considerations. In particular, the local community in Utah has a much stronger connection to this dispute than this Court, particularly as it relates to the unbiased operation of the Park City Police Department. Boundaoui has also suggested that Utah law is likely to apply to her battery claim, and the Utah court is undoubtedly more familiar with Utah state law than this Court. *See Muldoon v. Marriott Corp.*, No. 91 C 5786, 1991 WL 192596, at *2 (N.D. Ill. Sept. 19, 1991) (citing these factors in ordering *sua sponte* transfer).

The District of Utah's docket is also significantly less congested than the Northern District of Illinois, such that transfer will promote speedier resolution. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2019.pdf (reporting that N.D. Ill. had four times as many filings in 2019 as D. Utah).

The Court also notes that Constellation, in its motion to dismiss, has disputed that it employed Downs, suggesting that High West Distillery was his actual employer and is the proper defendant in at least the battery claim. It further argues that this Court lacks personal jurisdiction over High West. R. 19, at 4-6. Were these

4

assertions to prove correct, the interests of justice may be better served by transfer to a court with jurisdiction rather than outright dismissal. *See Highmark v. Allcare Health Mgmt. Sys., Inc.*, 304 F. Supp. 2d 663, 666-67 (W.D. Pa. 2003) (finding that court lacked personal jurisdiction over defendant but that interests of justice were better served by transfer of case to district with jurisdiction rather than dismissal).

## Conclusion

For the foregoing reasons, the Court on its own motion transfers this case to the United States District Court for the District of Utah. 28 U.S.C. § 1404(a). Final execution of this transfer shall be stayed for 14 days from entry of this order. Should either party wish to object to this transfer, it must file a written statement of its objections no later than November 17, 2021.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: November 3, 2021